In the Matter of the Claim of EDWARD PAWELA, Respondent, against NIAGARA FROM THE AIR, INC., and ÆTNA CASUALTY AND SURETY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The only question is whether the claimant's injury arose out of and in the course of his employment. The claimant worked for the employer as a mechanic. His hours were from 9:00 A. M. to 6:00 P. M. He was engaged in the repair of aircraft and aircraft engines and he worked in the machine shop and hangars. The employer was engaged in the business of teaching people how to fly aeroplanes and conducting a welding school. The only way to reach the employer's premises was by an independently owned automobile. While he was helping a student to start his car he was injured on the premises of the employer. It was customary for such assistance to be rendered. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of DRAGAN CARP, Respondent, against GLADSTONE RAINES, INC., and ÆTNA CASUALTY & SURETY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The employer and insurance carrier appeal from an award of the State Industrial Board for total disability covering the period from January 1, 1941 to July 15, 1941, and partial disability for the period July 15, 1941 to December 30, 1941. Claimant was injured while working for the employer rigging a scaffold in connection with work at Caldwell, New Jersey. The employer's office and principal place of business was located at New York City and claimant was a resident of that city. He testified that he was hired in New York City, where he was a member of the painters' union, and it is undisputed that he was paid the union scale of New York union employees of $12.40 a day for services performed in New Jersey, although local workmen of New Jersey employed on the same job received but eight dollars a day. A question of fact as to the place of employment was presented and there is substantial evidence to sustain the decision of the State Industrial Board. The award should be affirmed. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.